UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
ERIC TOLLIVER,

                    Plaintiff,

        -against-

ROBERT ERCOLE, SUPERINTENDENT, SR.
NAR. INV. THOMAS WALSH, D.S.P.
CUNNINGHAM,

               Defendants.
--------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/29/10

08 Civ. 4023 (DAB)

ADOPTION OF REPORT
AND RECOMMENDATION

DEBORAH A. BATTS, United States District Judge.

On September 9, 2009, Magistrate Judge Kevin Nathaniel Fox issued a Report and Recommendation ("Report") in the above-captioned case recommending that Defendants' Motion to Dismiss be granted, in part, and denied, in part, and that Plaintiff's Motion to "grant his complaint" be denied.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the District Court is required to make a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Where no timely objection has been made, "a district court need only satisfy itself there is no clear error on the face of the record." Nelson v. Smith, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985). After conducting the appropriate level of review, the Court may then accept, reject,

1

or modify, in whole or in part, the findings or recommendations made by the Magistrate.  28 U.S.C. § 636(b)(1)(C); see also Local Civil Rule 72.1(d).

For the reasons contained herein, this Court accepts and adopts the findings of Magistrate Judge Fox and adopts his recommendation that Defendants' Motion to Dismiss be granted, in part, and denied, in part, and that Plaintiff's Motion to "grant his complaint" be denied.

The facts in this matter are meticulously detailed in Judge Fox' Report, and will not be fully restated here.  Each of the parties has submitted timely Objections to the Report.

## I. DISCUSSION

A.    Standard of Law

For a complaint to survive dismissal under Rule 12(b)(6), the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility," the Supreme Court has explained,

> "when the plaintiff pleads factual content that allows
> the court to draw the reasonable inference that the
> defendant is liable for the misconduct alleged.   The
> plausibility standard is not akin to a 'probability
> requirement,' but it asks for more than a sheer
> possibility that a defendant has acted unlawfully.
> Where a complaint pleads facts that are 'merely

2

> consistent with' a defendant's liability, it 'stops
> short of the line between possibility and plausibility
> of 'entitlement to relief.'"

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly,

550 U.S. at 556-57). "[A] plaintiff's obligation to provide the

grounds of his entitlement to relief requires more than labels

and conclusions, and a formulaic recitation of the elements of a

cause of action will not do." Twombly, 550 U.S. at 555 (internal

quotation marks omitted). "In keeping with these principles,"

the Supreme Court has stated ,

> "a court considering a motion to dismiss can choose to
> begin by identifying pleadings, that because they are
> no more than conclusions, are not entitled to the
> assumption of truth. While legal conclusions can
> provide the framework of a complaint, they must be
> supported by factual allegations. When there are well-
> pleaded factual allegations, a court should assume
> their veracity and then determine whether they
> plausibly give rise to an entitlement to relief."

Iqbal, 129 S.Ct. at 1950.

In ruling on a 12(b)(6) motion, a court may consider the

complaint as well as "any written instrument attached to the

complaint as an exhibit or any statements or documents

incorporated in it by reference." Zdenek Marek v. Old Navy

(Apparel) Inc., 348 F.Supp. 2d 275, 279 (S.D.N.Y. 2004) (citing

Yak v. Bank Brussels Lambert, 252 F.3d 127, 130 (2d Cir. 2001)

(internal quotations omitted)).

3

B.    Defendants' Objections

    1.    The Due Process Claim

    Defendants first contend that Magistrate Fox erred in
finding that Plaintiff had stated a claim for violation of the
Due Process Clause.

    "To present a due process claim, a plaintiff must establish
(1) that he possessed a liberty interest and (2) that the
defendant(s) deprived him of that interest as a result of
insufficient process." Ortiz v. McBridge, 380 F.3d 649, 654 (2d
Cir. 2004) (quoting Giano v. Selesky, 238 F.3d 223, 225 (2d Cir.
2001)).  Such a liberty interest is implicated when prison
discipline "imposes atypical and significant hardship on the
inmate in relation to the ordinary incidents of prison life."
Id. (internal quotations omitted).  The Second Circuit has found
that
confinement in a Special Housing Unit ("SHU") "may impose
hardships that are atypical or significantly different form the
burdens of ordinary prison confinement" but that "the duration
and the frequency of such deprivations are highly relevant to
whether the conditions of a plaintiff's confinement should be
considered atypical." Sims v. Artuz, 230 F.3d 14, 22 (2d Cir.
2000) (internal citations omitted).

4

Here, Defendants concede that Plaintiff was placed in the SHU for 547 days, from March 3, 2008 to September 1, 2009, (Defs' Mem. Of Law, Ex. B, 2), which is sufficiently long to implicate a liberty interest under Second Circuit precedent. <u>Tellier v. Fields</u>, 280 F.3d 69, 80 (2d Cir. 2000) (where prisoner "alleged . . . confinement of 514 days under conditions that differ markedly from those in the general population . . . defendants cannot support their motion to dismiss" on the issue of existence of a liberty interest).

Under the second element of an alleged due process violation, an inmate facing a disciplinary proceeding must be provided with "advance written notice of the charges against him; a hearing affording him a reasonable opportunity to call witnesses and present documentary evidence; a fair and impartial hearing officer; and a written statement of the disposition, including the evidence relied upon and the reasons for the disciplinary action taken." <u>Sira v. Morton</u>, 380 F.3d 57, 69 (2d Cir. 2004) (citing <u>Wolff v. McDonnell</u>, 418 U.S. 539, 563-67 (1974)).

Here, Plaintiff's Amended Complaint states that the notice of the charge against him stated "[the] wrong date" for the alleged incident or incidents, did not state the time and place of the incident or incidents, and did not provide any information

5

about his co-conspirators in the alleged plot to smuggle drugs
into prison.  (Amend. Compl., 1-2.)  Magistrate Judge Fox found
that this was sufficient to plead that "the minimum procedural
requirements of due process may not have been met" by the
Defendants.

In response, Defendants assert that because Plaintiff
concedes that he was given a copy of the misbehavior report, the
written notice requirement has been satisfied. (Defs' Obj., 6.)
Further, Defendants argue that the lack of specific facts in the
misbehavior report is excusable because "the misbehavior report
was not issued to plaintiff because of one incident, or
violation, which occurred at a specific location with the prison"
but rather was the result "of an ongoing investigation" that
"determined that plaintiff conspired over a period of time, to
smuggle heroin and marijuana into the prison."  (Defs' Obj., 6.)

The Second Circuit has held, however, that "[t]he notice
required by due process is no empty formality" and that "an
inmate must receive notice of at least some 'specific facts'
underlying the accusation." Sira, 380 F.3d at 70.  Thus, where a
misbehavior report "identifies no inmates toward whom [the
charged inmate's] misconduct was directed . . . does not indicate
the words or actions he employed . . . mentions no sites within
the prison where [the charged inmate] allegedly engaged in the

6

charged conduct" and is "misleading" as to the "date and time of
the incident," Plaintiff "has presented a viable due process
claim of inadequate notice."  Id., 70-72.

Here, the Inmate Misbehavior Report, which is incorporated
by reference into Plaintiff's Amended Complaint, states that:

> On [January 3, 2008] and on subsequent additional dates and
> times inmate Tolliver did conspire with several visitors to
> smuggle quantities of heroin and marijuana into Greenhaven
> Correctional Facility.  To further his conspiracy, inmate
> Tolliver did use the inmate phone system violating DOCS
> Directive #4423.  The foregoing is the result of a
> confidential investigation being conducted by the New York
> State Department of Correctional Services, Inspector
> General's Office, Narcotic Unit.

As in Sira, the misbehavior report does not identify any inmates
or visitors who were involved in Tolliver's alleged conduct, does
not mention any site within the prison where Tolliver allegedly
engaged in the conspiracy, and specifically mentions January 3,
2008, rather than the date of January 31, 2008, which Defendants
concede was the date at issue during Plaintiff's hearing.  (Defs'
Obj., 7.)  While the misbehavior report does indicate, in the
broadest possible terms, Plaintiff's use of the phone system to
further the alleged conspiracy to smuggle drugs, this general
allegation alone does not permit "a reasonable person to
understand what conduct is at issue so that he may identify
relevant evidence and present a defense."  Sira, 380 F.3d at 72.

7

Accordingly, Defendants' Motion to Dismiss the Due Process Claim
is DENIED.

    2.   Qualified Immunity

Defendants further contend that even if Plaintiff has stated
a viable claim for a Due Process Violation, Defendants Walsh and
Cunningham are entitled to qualified immunity.

A government official "is entitled to qualified immunity if
his actions do not 'violate clearly established statutory or
constitutional rights of which a reasonable person would have
known' or 'if it was objectively reasonable' for the public
official to believe that his actions were lawful at the time of
the challenged act." Field Day, LLC v. County of Suffolk, 463
F.3d 167, 191 (2d. Cir. 2006) (quoting McClellan v. Smith, 439
F.3d 137, 147 (2d Cir. 2006)). Further, while "a qualified
immunity defense can be presented in a Rule 12(b)(6) motion . . .
the defense faces a formidable hurdle when advanced on such a
motion and is usually not successful. Id. at 192 (internal
quotations omitted).

Here, Defendants do not contest that Plaintiff's advance
written notice of the disciplinary charges against him was a
clearly established constitutional right of which a reasonable
person would have known. (Defs' Obj., 11.) However, they

8

disagree with Magistrate Fox's finding because they believe that Plaintiff's Amended Complaint "establish[es] that it was objectively reasonable for defendants to believe that their actions did not violate plaintiff's procedural due process rights." (Defs' Obj., 11.) Defendants argue that the notice was objectively reasonable for purposes of satisfying Plaintiff's Due Process rights because "the plaintiff was charged with conspiracy, which by its very nature did not necessarily involve a specific location within the correctional facility . . ."

Yet Defendants cite to no authority that suggests that allegations of conspiracy lessen the requirement of providing adequate notice to an inmate facing disciplinary charges where a liberty interest is at stake.[1] While "[t]his is not to suggest that the Constitution demands notice that painstakingly details all facts relevant to the date, place, and manner of charged inmate misconduct," Sira, 380 F.3d at 72, here Defendants did not provide Plaintiff with notice of any specific allegations of times, places, or co-conspirators that were involved in the acts and/or agreements that were alleged to have made up Plaintiff's conspiracy.

---

[1] Further, Defendants do not cite to any authority to support their contention that the unspecified confidential nature of the investigation justifies the complete lack of specificity in the notice provided to Plaintiff. (Defs' Obj., 12.)

Because the Court cannot say at this stage in the proceedings that it was objectively reasonable for Defendants to believe that the notice provided to Plaintiff satisfied his Due Process rights, Defendants' Motion to Dismiss on the basis of qualified immunity is DENIED.

C.   Plaintiff's Objections

1.   Plaintiff's Section 1983 Conspiracy Claim

In order to establish a claim for conspiracy under Section 1983, a Plaintiff must demonstrate "(1) an agreement between two or more state actors . . . (2) to act in concert to inflict an unconstitutional injury; (3) an overt act done in furtherance of that goal causing damages." Jean-Laurent v. Wilkinson, 540 F.Supp.2d 501, 507 (S.D.N.Y. 2008)(citing Ciambriello v. County of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002)). "Complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed." Id. at 508 (quoting Ciambriello, 292 F.3d at 325.)

Here Plaintiff alleges that "Hearing Officer Cunningham and the I.G. Investigator Thomas Walsh conspired in withholding information about confidential testimony . . . conspired to delay the hearing so that Plaintiff['s] most important witness, Ms.

10

Prudence, could get deported . . . conspired in giving misleading information about the existence of a transcript of the four tape recordings of the Plaintiff and his alleged co-conspirators, when in fact there was no such transcript . . . [and] conspired . . . to suppress evidence, distort the testimony and keep the Plaintiff misinformed until the end of the hearing."   (Amend. Compl., 9.)

The Court finds, as did Magistrate Fox, that Plaintiff's conclusory allegations do not provide any factual content, which taken as true, would tend to show the existence of an agreement between Walsh and Cunningham, or that would show that the two shared a common purpose in attempting to deprive Plaintiff of his Constitutional right to Due Process.   Plaintiff argues that the timing of Cunningham and Walsh's meeting prior to Cunningham's delaying the hearing shows the existence of an agreement and a meeting of the minds between Cunningham and Walsh.   (Plt's Obj., 2.)[2]   However, while Plaintiff's conclusory allegations are not

_____

[2] Plaintiff also argues for the first time in his Objections to the Report and Recommendation, that Defendants' alleged conspiracy to deprive Plaintiff of a fair hearing was based upon a desire to cover up payments made to one of the witnesses that Plaintiff planned to call in his defense. (Plt's Obj., 2.) Not only does the Court exercise its discretion in refusing to receive additional allegations that were not raised before Magistrate Fox, (See Fed. R. Civ. Pro. 72(b); Hynes v. Squillace, 143 F.3d 653, (2d Cir. 1998)), but without further factual content to demonstrate the basis for Plaintiff's allegations, Plaintiff would still not state a claim for conspiracy that is

logically inconsistent with the possibility of such a conspiracy, they certainly do not permit the "court to draw the reasonable inference that the defendant is liable" for such a conspiracy and they stop far short of "the line between possibility and plausibility of entitlement to relief." Iqbal, 129 S.Ct at 1949.

Accordingly, Defendants' Motion to Dismiss the claim for conspiracy under Section 1983 is GRANTED.


2.   Plaintiffs' Motion to "Grant the Complaint."

Finally, Plaintiff moves the Court to "Grant [his] Complaint," arguing that he has "prove[n] all the violation[s] claimed in his Complaint" by "using exhibits as fact to prove and show the violations." (Plt's Obj., 3.) There is no such motion for a Court to grant. If Plaintiff's Motion is for summary judgment, it is premature, as discovery has not commenced, let alone been completed. Accordingly, Plaintiff's Motion is DENIED.


## II. CONCLUSION

The Court reviews the remainder of the Report for clear error. Having found no clear error on the record with the remainder of the Report, and having conducted an independent de

---

plausible.

12

<u>novo</u> review of the specifically objected-to portions of the
Report, it is ORDERED as follows:

1. The Report and Recommendation of United States Magistrate
Judge Fox dated September 9, 2009, be and the same hereby is,
APPROVED, ADOPTED, and RATIFIED by the Court.

2. Defendants' Motion to Dismiss is GRANTED, in part, and
DENIED, in part.  Plaintiff's Motion to Grant the Amended
Complaint is DENIED.  Plaintiff's claim for Conspiracy under
Section 1983 is DISMISSED, with prejudice.

3. Defendants shall Answer the Amended Complaint within 30
days of the date of this Order.

SO ORDERED.

DATED:   New York, New York

         March 29 , 2010


                              _Deborah A. Batts_
                              Deborah A. Batts
                         United States District Judge

13